OMAHA NATIONAL BANK V. LOUIS KIPER ET AL.

FILED MARCH 21, 1900. No. 9,206.

1. **Demurrer:** CONSTRUCTION OF PETITION. A petition which is attacked for the first time in this court, on the ground that it does not state a cause of action, will be liberally construed.

2. **Trial to Court:** INCOMPETENT EVIDENCE. Where the trial is to a court without a jury, it is not reversible error to admit incompetent evidence.

3. **Collection of Draft:** DILIGENCE. A bank which undertakes to collect a draft is bound to keep within the authority conferred upon it, and exercise proper diligence to obtain payment.

4. **Collecting Agent:** NEGLIGENCE: MEASURE OF DAMAGES. In case a debt is lost through the negligence of a collecting agent, the measure of damages is the actual loss resulting from such agent's omission of duty.

ERROR to the district court for Douglas county. Tried below before SLABAUGH, J. *Affirmed.*

*Hall & McCulloch*, for plaintiff in error:

The plaintiffs below distinctly fail to allege any damage resulting from the facts alleged, but simply allege another conclusion—that the defendant became and was lable to plaintiffs for the sum of said draft. That an execution had been issued and returned *nulla bona*, that the

7

judgment remains unsatisfied, and that damage has resulted to the plaintiff, are three allegations that are necessary to enable the plaintiff to set out a *prima facie* case. The failure to state a material fact raises a presumption against the pleader that it does not exist. *McClure v. Warner*, 16 Nebr., 447; *Humphries v. Spafford*, 14 Nebr., 488; *Burlington & M. R. R. Co. v. Kearney County*, 17 Nebr., 511; *Chicago, R. I. & P. R. Co. v. Shepherd*, 39 Nebr., 523. It has been held many times by this court that the question of the sufficiency of the petition may be raised in the supreme court.

*Edson Rich, contra,* argued that the petition itself stated a cause of action; among other things, in substance, the insolvency of Dow, immediately following the loss of the draft by the bank, and the further fact that, had the plaintiffs in error advised the defendants in error on either the 14th day of November or the 3d day of December, 1894, of the non-acceptance and non-payment of said draft, the plaintiff could or would have either collected or secured their said claim. That the plaintiffs failed to collect the same was wholly caused by the negligence of the plaintiffs in error. This certainly states a cause of action. It is never necessary to allege the issuance of an execution, or what attempts might be made to enforce the collection of a judgment in a case of this kind; neither is it necessary to put the claim in judgment. All that is necessary is to allege the insolvency and to prove this insolvency by any competent proof.

Where one has been guilty of a negligent act, the injured party does not need to prove that he could have collected the claim or would have made it, because proof of this kind is impossible. *Mound City Paint & Color Co. v. Commercial Nat. Bank*, 9 Pac. Rep. [Utah], 709; 1 Daniel, Negotiable Instruments, sec. 327; *Exchange Nat. Bank v. Third Nat. Bank*, 112 U. S., 776; 3 Sutherland, Damages, 17, 18.

SULLIVAN, J.

The defendants in error, who will be hereafter referred to as the plaintiffs, brought this action to recover of the Omaha National Bank damages resulting, it is claimed, from the bank's negligence in connection with a certain draft sent to it for collection. The cause was tried without the aid of a jury, and resulted in a finding and judgment against the defendant for the amount claimed in the petition.

The material facts are here set out: On November 9, 1894, the plaintiffs, who were partners doing business in the city of Chicago under the firm name of Kiper & Sons, drew a sight draft on F. T. Dow, an Omaha merchant, and forwarded it to the defendant for collection. On November 12 the bank notified the plaintiffs by letter that the draft had been presented and that the drawee had requested twenty days further time in which to make payment. On November 14 the plaintiff wrote to the bank, saying: "We are agreeable to your holding draft for Mr. Dow, and he can pay the same in twenty days from 12th inst., as per his request. Please have him accept draft for payment then, and hold the same for collection." This letter was received by the defendant on November 15, and on the same day it again presented the draft to Dow and requested him to accept it. He refused to give an acceptance due in twenty days, but proposed to give one due in thirty days, and the proposal was agreed to by defendant. The bank retained the acceptance, but did not advise the plaintiffs of the action it had taken. On December 4 the plaintiffs wrote the defendants, making some inquiry about the draft, and in due time received a reply which, in substance, stated that it could not be found, and must have been returned to the drawer. On December 7 Dow failed in business, of which fact Kiper & Sons were not informed until December 15. On December 10 the bank, replying to a letter written by the plaintiffs on December

8, said: "In reply to your letter of 12-8-'94 regarding draft on F. T. Dow which we hold for collection. Mr. Dow when we presented the draft the second time Mr. Dow claimed a 30 day extension and we allowed him to accept it payable Dec. 15, '94, intending to write you to confirm our action which we must have neglected to do. We will use our best endeavors to collect on the 15th." On December 17 the draft was returned to Kiper & Sons, who on the same day wrote the defendant, saying: "Draft against Dow which you return to us unpaid we send to you again in this letter, as there must have been some misunderstanding regarding your giving Mr. F. T. Dow extension until Dec. 15. We wrote you Nov. 14th that you could give him twenty days from Nov. 12th, as per his request. We did not hear from you, and about the time the twenty days extension was up we wrote you, and you then wrote us that you had no collection from us against Dow. We could not undertand this, as we sent you the collection again Nov. 14th. A few days ago we received a letter from you stating that you had given Dow until Dec. 15th for payment, and that you expected to collect the draft then and would remit. We are at a loss to understand why you returned the draft back unpaid, as you no doubt are aware that Dow has failed in business. We surely expect you to look after our interest in this matter, as you have extended time to Mr. Dow beyond the authority which we gave you." To this letter the bank, on December 19, sent a reply, which is, in part, as follows: "We will certainly look after your interests in matter of Dow collection; shall have our attorney see Dow and others at once. We feel our clerk was not doing just right when he allowed Dow to accept the draft Dec. 15, but he claims it was the best he could do."

The first assignment of error relates to the sufficiency of the petition to support the judgment. The pleading is, perhaps, inartificially drawn, but we think it states a cause of action for negligence. It states in substance the facts-above detailed; alleges that Dow has been in-

solvent since December 7, and that the draft can not be collected from him; that plaintiffs could and would have collected, or obtained security for, their claim immediately, had they known that their debtor had refused to give an acceptance payable in twenty days. There is no direct averment that the plaintiffs have been damaged, but it is charged that the defendant has become liable to them, by reason of the facts pleaded, for the amount of the draft. The petition was not assailed in the trial court, and the rule is that it should now receive a liberal construction with the view of giving effect to the pleader's purpose. *Latenser v. Misner*, 56 Nebr., 340. A party who fails to disclose in the trial court his objections to an adversary's pleading can not well complain if this court is "to its faults a little blind and to its virtues very kind."

The fourth assignment of error is that the court erred in permitting Julius Kiper to testify to the contents of the letter written by plaintiffs to defendant on December 4, and the reply of the defendant thereto. There was, under the circumstances disclosed, no error in the ruling; but, if there had been, it would not warrant a reversal of the judgment, the cause having been tried without a jury and the evidence in question not being indispensable to a recovery.

The fifth specification of error is based on the ruling of the court refusing to exclude the following testimony of Julius Kiper: "Int. 13. What notice, if any, did the bank give you at the time that you forwarded the draft to them the second time, with the authority that they could accept a twenty-day acceptance of the draft by F. T. Dow, of his acceptance or non-acceptance of the same? Ans. 13. They gave us no notice whatever, and in fact had they notified us that Dow would not give a twenty-day acceptance. We would have withdrawn the draft at once; and gone to Omaha and attempted to get Mr. Dow to secure our claim." The contention of counsel is that the answer is not responsive to the question, that

it is incompetent, and the statement of a conclusion. The answer is irresponsive in part, but that objection was not made at the trial. The objection made was properly overruled. It is difficult to conceive upon what ground the court would be justified in striking the whole of the answer from the record. This further question was propounded to Mr. Kiper: "Int. 14. What course would you have pursued had the bank notified you promptly of the acceptance or non-acceptance by Mr. Dow of the twenty-day extension offered him?" An objection by defendant's counsel being overruled, the witness proceeded to state what steps he would have taken to obtain satisfaction of his claim. We see no valid objection to this testimony; but, if it were incompetent, it is perhaps needless to say, that its reception was not reversible error, since the cause was tried by the court without a jury.

It is finally contended that the evidence does not support the judgment. We think otherwise. The bank undertook to act as the agent of the plaintiffs in collecting their claim against Dow. It was bound to keep within the authority conferred upon it, and exercise proper diligence to obtain payment. 1 Am. & Eng. Ency. Law [2d ed.], 1066. If the debt was lost through its fault, it is liable. *Buell v. Chapin,* 99 Mass., 594. The measure of damages in such case is the actual loss resulting from the agent's omission of duty. If there is reasonable probability that the entire debt would have been collected but for the agent's negligence, the amount of the claim is the measure of recovery. *First Nat. Bank v. Fourth Nat. Bank,* 77 N. Y., 328. In the recent case of *Dern v. Kellogg,* 54 Nebr., 560, 565, it is said: "It is claimed that there was no proof of damages; that is, that it was not shown that had the bank been diligent the drafts could have been collected. In such cases it is usually impossible to show with certainty that if due care had been observed the collection would have been made. The law is not so rigid in its requirements for the protection

of the negligent agent. It is only necessary to show a reasonable probability that with due care the collection would have resulted. The burden then rests on the defendant to show that there was no damage." There was in this case probable grounds for believing that the loss of the draft was due to defendant's default, and that but for such default the loss would not have occurred. The question was for the trier of fact to decide; and we are satisfied that the decision given does not lack adequate evidence to support it. The judgment is

AFFIRMED.