SOVEREIGN CAMP, WOODMEN OF THE WORLD, v. MABEL P. OGDEN.

FILED MAY 17, 1906.  No. 14,140.

1. **Beneficial Associations: ASSESSMENTS.** Where the constitution and laws of a fraternal-beneficiary association provide that the members shall pay one assessment each month, unless certain designated officers determine its payment unnecessary, the payment of such assessment, when called, cannot be resisted on the ground that it was not lawfully made.

2. ———: ACTION ON CERTIFICATE: ANSWER. An answer in an action on a beneficiary certificate, which sets forth the delinquency of the member in the payment of his assessments, the constitution and laws of the association which expressly declare a suspension of membership and a forfeiture of the beneficiary certificate therefor, together with the proceedings of the association constituting a valid call for the delinquent assessment, states a valid defense to such action. *Chapple v. Sovereign Camp, W. O. W.*, 64 Neb. 55, followed.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*Brome & Burnett,* for plaintiff in error.

*Joel W. West, contra.*

BARNES, J.

On the 9th day of May, 1899, the Sovereign Camp of the Woodmen of the World, a fraternal-beneficiary association organized under the laws of this state, accepted the application of Charles Ogden, then residing in the city of Omaha, to become a member of said association, and on said day issued to him its certain beneficiary certificate by which it was provided that at his death the association would pay to Mabel P. Ogden, his wife, the sum of $2,000. Said Ogden thereafter became a member of Omaha Camp No. 16 of said fraternity, and paid all of the dues, charges and assessments required to continue him a member thereof in good standing until the assessment of Nov. 20, 1903, which he failed and neglected to pay. Thereafter, on the 25th day of January, 1904, he died a natural death from an attack of apoplexy, and his widow, in whose favor the beneficiary certificate above mentioned was issued, commenced an action in the district court for Douglas county to recover the amount alleged to be due thereon. Her petition was in the usual form, and was sufficient in substance to state a cause of action against the association. It was alleged therein, among other things, that at the time of his death her husband, Charles Ogden, was a member of said fraternity in good standing, and had paid all of the dues, charges and assessments made against him by said association. To this petition the association filed its answer, by which the allegation above quoted was denied, and it was affirmatively alleged that at the time of the death of the said Charles Ogden he had been and was suspended for the nonpayment of his December, 1903, assessment. The answer was full and complete, and set forth the articles of incorporation, the constitution and laws of the association, together with the call made for the delinquent assessment. It appears from the answer that the assessment in question was due on the first day of December, 1903; that payment of the same could be made at any time before the first day of January thereafter; that

such payment was not made, and the assured became and was suspended by operation of the articles of incorporation, constitution and by-laws of the association, and was no longer entitled to participate in any of the benefits of the fraternity. To this answer the plaintiff filed a general demurrer which was sustained by the court, and judgment was thereupon rendered against the defendant for the amount named in the beneficiary certificate. From that judgment the association brings the case to this court by a petition in error.

It is contended that the answer states a perfect defense to the plaintiff's cause of action, and therefore the district court erred in sustaining the demurrer and rendering judgment against the association. We think this case is ruled by *Chapple v. Sovereign Camp, W. O. W.,* 64 Neb. 55. The only difference between the facts in that case and the one at bar seems to be that there the member was delinquent in the payment of two or three assessments, while in the instant case he was delinquent in the payment of but one. In that case it was held that, when the by-laws of such an association expressly declare that the fact of delinquency in the payment of an assessment shall work a forfeiture of membership, no action of the camp is required to suspend such a member, and that he loses all his rights to the benefits of the fraternity by such delinquency.

It is contended by the defendant in error that the delinquent assessment of November 20, 1903, was not lawfully made, therefore Ogden could not be suspended for its nonpayment. The argument is that the assessment in question appears to have been made by the sovereign commander and the chairman of the finance committee, and not by the sovereign camp or the board of directors, when such camp was not in session. Section 56 of the constitution and the laws of the association set forth in its answer provides, in substance, that in order to pay death losses, disability benefits, monument obligations and emergency fund, and sovereign camp general fund dues, every applicant admitted to membership prior to September 1, 1901,

is required to pay assessments upon their ages respectively when becoming members of the order, except as otherwise provided by sections 43 and 67 of said constitution and laws, and that at the age of 42 years (the age of the said Ogden) the rate of assessment on a $2,000 certificate is $1.95. It is provided by section 108 of said laws: "On or about the 20th day of each month the sovereign commander and chairman of the sovereign finance committee shall determine the number of assessments, if any, necessary to provide for the payment of death benefits, monuments, and total disability claims, and shall so notify the sovereign clerk." It is further provided by section 109 : "Every member of the order shall pay to the clerk of his camp each month one assessment payment as required in section 56, which shall be credited to a fund known as the sovereign camp fund, and he shall also pay such camp dues as may be required by the laws of his camp. He shall pay any additional assessments for the sovereign camp fund and camp dues, or either, which may be legally called. If he fails to make any such payments on or before the first day of the month following he shall stand suspended, and during such suspension his beneficiary certificate shall be void." It is further provided that a member suspended for nonpayment of assessments or dues is not entitled to any of the benefits of the order. Construing all of the provisions of the constitution and laws together, it seems clear that each member of the association was required to pay at least one assessment each month, unless he should be notified that the sovereign commander and the chairman of the finance committee had determined that the payment of such assessment was unnecessary; and it was the duty of the deceased to pay his December assessment, amounting to $1.95, as above stated. It also appears that the assessment in question was not made or called by the sovereign commander and the chairman of the finance committee, but was provided for by the constitution and laws of the association. It was a standing monthly assessment which was to be paid by each member of the associa-

tion, unless he should be notified that the officers above named had determined such payment unnecessary. It may be further said that, if it were the fact that the assessment in question had been called by those officers instead of the sovereign commander or the board of directors, still it would have been valid under the rule announced in *Chapple v. Sovereign Camp, W. O. W., supra.* For it was there held that the empowering of two designated officers of the society to make an assessment on a certain day in each calendar month, and requiring the clerk of the superior branch of the order to immediately give notice of the making of the same to the clerks of the inferior associations, is a sufficient compliance with the laws of the association to uphold the assessment. It is alleged in the answer that on the 20th day of November, 1903, the sovereign commander and the secretary of finance of the association determined that the payment of the assessment in question would be necessary; and it is not claimed that the deceased was entitled to have notice of that fact, or that he was without such notice. When he failed to pay his assessment at some time during the month of December, 1903, as alleged in the answer, he became suspended by operation of the laws of the association of which he was a member and by which he was bound. And he was not thereafter entitled to share in any of the benefits of the association. It appears that Ogden died while so suspended and such facts constitute a complete defense to an action on his beneficiary certificate, and the demurrer to the answer should have been overruled.

Therefore the judgment of the district court is reversed and the cause is remanded for further proceedings according to law.

REVERSED.