ANNA C. NELSON ET AL., APPELLANTS, V. MODERN
BROTHERHOOD OF AMERICA, APPELLEE.

FILED FEBRUARY 21, 1907.  No. 14,670.

1. **Insurance**: BENEFICIAL ASSOCIATIONS: BY-LAWS.  A by-law of a
   fraternal benefit society, which provides for the suspension of
   a member for nonpayment of monthly dues without other notice
   than that imparted by the by-law, is reasonable in its nature
   and will be upheld.

2. **Pleading**: SUFFICIENCY.  A pleading which is attacked for the first
   time in this court on the ground that it does not state a cause
   of action, will be liberally construed.  *Omaha Nat. Bank v.
   Kiper*, 60 Neb. 33, followed and approved.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE.  *Affirmed.*

*Weaver & Giller,* for appellants.

*Isaac E. Congdon,* contra.

OLDHAM, C.

This is an action on a benefit certificate issued by de-
fendant on the life of John Nelson, deceased, and payable
to the plaintiffs, who are his wife and children.  The
petition alleged in proper manner the execution and
delivery of the certificate to the deceased and the con-
ditions thereof, and further alleged that "on the 11th
day of October, 1903, the said John Nelson died from an
accident from being thrown from a street car, and while
in perfect health," and that "all of the assessments and
monthly dues which became due and payable from the
said John Nelson upon said benefit certificate to the time
of the decease of said John Nelson had been fully paid."
The answer admitted the execution and delivery of the
certificate, and the death of John Nelson, but denied that
deceased had complied with the conditions of the cer-
tificate and laws of defendant, and denied generally

the allegations of the petition not specifically admitted. The answer then pleaded a forfeiture of the policy under the constitution and by-laws and rules of the order for the nonpayment of two mortuary assessments, of which, it was alleged, deceased had had requisite notice under the by-laws. Plaintiffs' reply was in the nature of a general denial. On issues thus joined there was a trial to the court and jury, and at the close of the testimony a verdict was directed for the defendant and judgment entered on the verdict. To reverse this judgment plaintiffs have appealed to this court.

There is no material question of fact in dispute in this case. Plaintiffs' right to recover depends on an interpretation of the terms of the certificate and the constitution and by-laws of the order, providing for the suspension of members for nonpayment of dues. It is without dispute that John Nelson, the deceased, had not paid any dues, *per capita* tax, or mortuary assessments for sixty days prior to his death. The policy provides: "Should said member fail to pay any assessment, dues, or charges upon him, as required by the laws, rules, and regulations of this society, promptly when due, his membership shall thereupon cease and this certificate shall be void." The by-laws with reference to the suspension of members for nonpayment of dues, applicable to the facts in controversy, are as follows: Section B of division XI: "There shall be paid monthly in advance by each member to his subordinate lodge secretary without notice to the member as a *per capita* tax the sum of 15 cents, which sum shall be paid to said secretary on or before the last day of the preceding month. The secretary shall forward said sum to the supreme lodge secretary on or before the last day of the month for which the payment is made. Payment of the *per capita* tax for the month of January, 1903, shall be made on or before December 31, 1902." A portion of section F of division X: "For the purpose of creating a reserve fund, each beneficiary member for the first five years of his membership shall pay

monthly in advance to his lodge the sum of 5 cents per $1,000 of his certificate, which sum shall be remitted to the supreme secretary on or before the last day of each succeeding month." Section C of division XI: "The secretary shall not accept either dues, *per capita* tax, reserve fund, or assessments alone, or in part, but all must be tendered in full. Each and every member so notified, through the official paper, that a benefit assessment has been levied, or ordered by the board of directors in manner and form hereinabove provided, failing to pay the same to his lodge secretary on or before the last day of the month, in which said notice is dated, or who shall fail to pay to his lodge secretary his *per capita* tax, and other dues on or before the last day of said month, or who shall engage in any of the prohibited occupations mentioned in division X, shall stand suspended, and during such suspension his benefit certificate shall be null and void." At the trial of the cause the defendant failed to prove an official notice on deceased of the mortuary or benefit assessments, as provided for in section C of division XI of the by-laws above quoted, and the proof offered of such notice was excluded by the trial court. The court, however, held that the benefit certificate had been forfeited for nonpayment of the *per capita* tax provided for by section B of division XI of the by-laws before set out.

Plaintiffs' contention is that by the provisions of section C of division XI, *supra,* the secretary cannot accept dues, *per capita* tax, reserve fund, or assessments alone, but all must be tendered in full, and, therefore, none of these various assessments are due and payable until official notice is served on the member of the mortuary assessment, if any has been made. While it is true, as claimed by plaintiffs, that the law does not favor forfeitures, and by-laws providing for them will be construed most strongly against the association, yet by-laws, consented to by the assured and incorporated into the conditions of his benefit certificate, will be fairly construed by this court and upheld, if reasonable. *Sovereign Camp,*

*W. O. W., v. Ogden,* 76 Neb. 643; *Chapple v. Sovereign Camp, W. O. W.,* 64 Neb. 55. To give section C, *supra,* the construction contended for would annul the plain provisions of section B, which provides in unequivocal language for the payment of a *per capita* tax monthly without notice to the member. While it is true that it is not the policy of the by-laws to suspend members for nonpayment of mortuary assessments without official notice thereof, the provision that the secretary shall not accept part of the dues is inserted for the purpose of giving the member additional notice of all assessments due from him when he comes to pay his *per capita* tax. The section thus fairly construed provides for the suspension of the member for nonpayment of the mortuary assessments after notice, and for nonpayment of the *per capita* tax on or before the last day of the month either with or without notice. If deceased had paid his *per capita* tax without notice of any mortuary assessments, his policy would have remained in force; but this he did not do. Consequently, the district court was right in holding that his policy was suspended for nonpayment of the *per capita* tax.

It is next contended that, as the nonpayment of the *per capita* tax by the deceased was not specially pleaded as a defense in the answer, the court erred in admitting testimony of such fact over the objection of the plaintiffs. This would present a serious question if the objection to the introduction of the testimony as to the nonpayment of the *per capita* tax had been based on the reason that such defense had not been affirmatively pleaded in the answer. But, when the question was propounded to the secretary of the lodge, "You may state whether or not he paid the *per capita* tax and the reserve fund tax," the following objection was interposed: "We object to that as incompetent, immaterial, irrelevant, and because the by-laws say he can't pay one without paying the other—wouldn't accept one without paying the other." This was the sole objection interposed, so that the question of the sufficiency of the answer is raised for the first

time in this court, and was never called to the attention
of the lower court during the progress of the trial. The
petition pleaded payment of all dues and assessments by
the deceased. The answer denied a compliance with the
by-laws and rules of the society specifically, and also
denied generally the allegations of the plaintiffs' petition
as to payments of all dues and assessments. We admit
the accuracy of the rule, as announced in *Cornfield v.
Order Brith Abraham*, 64 Minn. 261: "It being admitted
that the certificate of membership had been duly issued,
the presumption would be that it continued in force. If
the deceased had been suspended or expelled from the
order for nonpayment of dues, the burden was on the
defendant to prove it." But evidence was admitted to
support this defense under a defective plea without such
matter being called to the attention of the trial court.
Hence, the sufficiency of the pleading to support the
testimony and to sustain the judgment is raised for the
first time in this court. In *Omaha Nat. Bank v. Kiper*,
60 Neb. 33, it was said by this court: "The petition was
not assailed in the trial court, and the rule is that it
should now receive a liberal construction with the
view of giving effect to the pleader's purpose. *Latenser
v. Misner*, 56 Neb. 340. A party who fails to disclose
in the trial court his objections to an adversary's plead-
ing can not well complain if this court is 'to its faults a
little blind and to its virtues very kind.'"

Under this rule, we think the objections to the suffi-
ciency of the answer come too late, and we recommend
that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing
opinion, the judgment of the district court is

AFFIRMED.