[No. 2297]

FRED H. NIELSEN, RESPONDENT, v. NELLIE RICHARDSON REBARD, AS ADMINISTRATRIX OF THE ESTATE OF FRANK P. RICHARDSON, DECEASED, APPELLANT.

[183 Pac. 984]

1. APPEAL AND ERROR—OBJECTION MADE FIRST TIME ON APPEAL.
   An objection that complaint utterly failed to state a cause of action may be raised for the first time on appeal.

2. PLEADING—FAILURE TO STATE CAUSE OF ACTION.
   An objection that the complaint utterly fails to state a cause of action may be raised at any time.

3. TROVER AND CONVERSION—OBJECT OF ACTION.
   Trover is an action, not to recover the specific thing, but to recover the value of the property wrongfully converted.

4. REPLEVIN—POSSESSION BY DEFENDANT NECESSARY.
   To enable a plaintiff to recover in replevin, the specific property must be in the possession of the defendant at the commencement of the action.

5. SPECIFIC PERFORMANCE—NOT APPLICABLE TO CORPORATE STOCK.
   Shares of corporate stock cannot be recovered in an action for specific performance, unless they possess peculiar and unusual value.

APPEAL from Seventh Judicial District Court, Esmeralda County; *J. Emmett Walsh,* Judge.

Action by Fred H. Nielsen against Nellie Richardson Rebard, as administratrix of the estate of Frank P.

Richardson, deceased. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. **Reversed.**

*August Tilden,* for Appellant:

The amended complaint does not state a cause of action, the decision is contrary to law and the evidence, and the pleadings and the findings do not justify or support the judgment.

The action is evidently not intended to be one of trover. Trover "is not to recover the thing converted, but damages for its conversion." 21 Ency. Pl. & Pr. 1012. It is not an action in replevin. There is no such description of any specific property as would enable an officer to identify it. Buckley v. Buckley, 9 Nev. 373.

The essential averment that defendant had possession at the time of the commencement of the action is not made. Gardner v. Brown, 22 Nev. 156.

There is no allegation of value, and hence no basis for the recovery of damages, which "is as much the primary object of the action of replevin as is the recovery of the property in specie." Buckley v. Buckley, 12 Nev. 423. There is no alternative tendered the defendant to deliver the property or pay its value, which is the defendant's privilege. Carson v. Appelgarth, 6 Nev. 187.

As a bill for equitable relief, the complaint is deficient in not averring any fact upon which the jurisdiction of equity depends. Oliver v. Little, 31 Nev. 476. An action to enforce redemption of pledged stock is to be governed by the rules applicable to the disposal of actions for specific performance. Krouse v. Woodward, 42 Pac. 1084. "The mere fact that the subject of the suit involves the estate of a deceased person will not justify the interference of equity when a legal remedy exists." 16 Cyc. 100.

*Thompson & Thompson* and *A. Grant Miller,* for Respondent:

Neither the notice of intention to move for a new trial nor the notice of appeal, nor any of the papers on file in

the case, outside of appellant's opening brief, makes any
charge that the complaint does not state a cause of
action. The ground of objection and appeal is first
mentioned in appellant's opening brief. It cannot be
urged as a ground of appeal. Appellant is estopped by
the proceedings and notices from now urging this
objection.

The judgment is in proper form, and conforms to the
pleadings, the evidence and the findings. 20 Ency. Pl. &
Pr. p. 504, et seq.

By the Court, COLEMAN, C. J.:

By this action plaintiff seeks to recover the possession
of specific stock, and of dividends earned thereon. Judg-
ment was entered in the trial court as prayed, from
which, as well as from an order denying a new trial, an
appeal is taken.

1, 2. It is contended in this court that the amended
complaint does not state a cause of action, as to which it
is said, by counsel for respondent, that this point, not
having been made in the trial court, should not now
prevail. It is a well-recognized rule that, while courts
do not look with favor upon objections of this kind when
made for the first time in the appellate court (Omaha Nat.
Bank v. Kiper, 60 Neb. 37, 82 N. W. 102; Phoenix
v. Gardner, 13 Minn. 433 [Gil. 396]; Smith v. Dennett,
15 Minn. 86 [Gil. 59]; Donellan v. Hardy, 57 Ind. 399),
yet, if the complaint utterly fails to state a cause of
action, the point may be raised at any time (Stevenson
v. Lord, 15 Colo. 131, 25 Pac. 313; Van Doren v. Tjader,
1 Nev. 390, 90 Am. Dec. 498). In fact our code expressly
provides that all objections to a complaint may be
waived, except as to the lack of jurisdiction and the
failure of the complaint to state a cause of action. Rev.
Laws, 5045. It is incumbent upon us to determine the
question presented.

The amended complaint, in brief, alleges that on
November 23, 1914, and for a long time prior thereto,
Frank P. Richardson was engaged in the stock brokerage

business in Goldfield, and while so engaged acted in behalf of customers in buying and selling stock upon the Goldfield and San Francisco stock exchanges, and in so doing was governed by the rules of such exchanges and the customs of brokers of Goldfield; that on the date mentioned said Richardson died intestate in the town of Goldfield. It is further averred that long prior to the date of his death the deceased had established the custom with his patrons of buying mining stocks for them upon the payment of one-third or one-half of the purchase price thereof, and depositing the said stock in his safe, the balance of the purchase price to be paid at the date of the sale of such stock, or at such times as it might be withdrawn from said safe; that the deceased had established a custom in said business, with his customers, of buying mining stocks for them and paying therefor in full, and placing the same in his safe for such purchasers, the purchasers making no payment in cash at the time, but depositing an equal amount of stock in the same company as security for the amount due upon the purchases, permitting the customers to pay the amount due, with interest, at the time of such sale or withdrawal of the stock; that such customs were the ones prevailing among the stockbrokers of Goldfield at the time.

It is further alleged that on the 10th day of October, 1914, plaintiff purchased of the said Richardson 1,000 shares of the capital stock of the Jumbo Extension Mining Company, at the price of 39 cents per share, and paid in full therefor; that on October 22, 1914, pursuant to the established custom, as alleged, the deceased purchased for plaintiff 1,000 shares of the capital stock of the Jumbo Extension Mining Company at the price of 40 cents per share, on account of which plaintiff made no cash payment, but as security for the purchase price thereof deposited with the deceased the 1,000 shares purchased by plaintiff on October 10, 1914. It is further alleged that it was the custom of the deceased and other brokers in Goldfield, at the time of purchasing

stock for patrons, in cases in which it was not paid for, to fix a limit for the payment of the balance due on such contracts; that on November 22 it was agreed between the plaintiff and deceased that the plaintiff should be given until demand therefor in which to pay for the stock, or until it should be sold, and that no demand had been made.

It is further alleged in the complaint that on November 23, 1914, a special administrator was appointed as administrator of said estate and that on December 21 regular letters of administration were issued to appellant, who thereupon duly qualified, and that in pursuance thereof she came into possession of 12,100 shares of the capital stock of the Jumbo Extension Mining Company, and all of the property and assets of the said estate. It is further alleged that plaintiff filed with the clerk of the court, within the time allowed by law, his claim against said estate for the delivery of 2,000 shares of the capital stock of the Jumbo Extension Mining Company, and for a designated sum on account of dividends earned on said stock. It is further alleged that defendant, as such administratrix, refused to deliver to plaintiff said stock; that the estate of deceased is solvent; that plaintiff was served with notice of the rejection by the administratrix of the said claim, and that the time had not elapsed in which to bring this action; that the said Jumbo Extension Mining Company had declared certain dividends upon its capital stock, and that plaintiff is entitled to recover the dividends earned by said 2,000 shares of stock less the sum due on the stock purchased October 22.

3, 4. In our opinion, the amended complaint does not state a cause of action. It is not even claimed by respondent that the action is one of replevin or trover. Trover is an action not to recover the specific thing but to recover the value of the property wrongfully converted. 21 Ency. Pl. & Pr. 1012. There is no attempt to recover damages in the action; and it has been held that, to enable a plaintiff to recover in replevin, the specific

property sought to be recovered must be in possession of the defendant at the time of the commencement of the action (Gardner v. Brown, 22 Nev. 156, 37 Pac. 240), and there is no allegation in the complaint to the effect that defendant had possession of such stock at the time the action was commenced.

5. The only theory upon which it is urged by the counsel for respondent that the complaint states a cause of action is that it is within the rule established by the case of Krouse v. Woodward, 110 Cal. 638, 42 Pac. 1084. From a reading of that case, it seems that it was one in the nature of specific performance, prosecuted under a provision of the civil code of that state. We have no such provision in our civil code, and it is a well-established rule in this jurisdiction that shares of stock cannot be recovered in an action for specific performance unless they possess peculiar and unusual value (State v. Jumbo Ex. M. Co., 30 Nev. 198, 94 Pac. 74; Oliver v. Little, 31 Nev. 476, 103 Pac. 240; Robinson M. Co. v. Riepe, 40 Nev. 121, 161 Pac. 304), of which there is no allegation in the complaint in this action.

It is clear that unless the complaint states. facts sufficient to entitle plaintiff to a decree compelling defendant to convey the stock claimed, there can be no sufficient allegation showing a right to dividends thereupon.

The complaint failing to state a cause of action, it is ordered that the judgment and order appealed from be reversed.