[No. 2420]

VERD KINGSBURY, APPELLANT, *v.* JOHN V. COPREN, AND JOHN· V. COPREN, AS ADMINISTRATOR OF THE ESTATE OF THOMAS J. HIGGINS, DECEASED, RESPONDENT.

[187 Pac. 728]

1. PLEADING—COMPLAINT AGAINST ADMINISTRATOR, BOTH IN REPRESENTATIVE AND PERSONAL CAPACITY, NOT DEMURRABLE FOR UNCERTAINTY.

Where defendant in claim and delivery, or replevin, was sued both as an individual and as administrator, the fact was not a ground of demurrer for uncertainty or ambiguity.

2. EXECUTORS AND ADMINISTRATORS—COMPLAINT IN CLAIM AND DELIVERY AGAINST ADMINISTRATOR HELD NOT TO STATE CAUSE OF ACTION IN INDIVIDUAL CAPACITY.

Complaint in action in claim and delivery, or replevin, against an administrator, both personally and in his representative capacity, which charged that defendant, having obtained the property from plaintiff by false representations, thereafter caused it to be inventoried and appraised as the property of the estate, etc., did not state a cause of action against defendant as an individual.

3. EXECUTORS AND ADMINISTRATORS—COMPLAINT AGAINST ADMINISTRATOR IN PERSONAL AND REPRESENTATIVE CAPACITY MUST STATE CAUSE OF ACTION AGAINST HIM IN BOTH.

Though in some circumstances a defendant may be sued both as an individual and as administrator, in such a suit the complaint must state a cause of action against the party in both capacities, or be demurrable.

4. EXECUTORS AND ADMINISTRATORS — ADMINISTRATOR NOT LIABLE IN BOTH PERSONAL AND REPRESENTATIVE CAPACITY FOR WITHHOLDING PROPERTY.

An administrator could not hold possession of plaintiff's personal property both as an individual and as administrator, nor could plaintiff in claim and delivery charge the administrator with holding the property in both capacities.

5. PLEADING—PLAINTIFF SEEKING RECOVERY OF PERSONALTY FROM ADMINISTRATOR MUST ALLEGE IN WHAT CAPACITY IT IS HELD, THOUGH KNOWN TO DEFENDANT.

　　The mere fact that defendant in claim and delivery, sued in his personal and representative capacity, knows in which capacity he claims the property sought by plaintiff, does not relieve plaintiff from the necessity of alleging in which capacity defendant holds it; the rule that facts peculiarly within the knowledge of defendant need not be alleged with the usual degree of exactness not applying when the allegation is essential to prima facie right of recovery.

6. PLEADING—COMPLAINT AGAINST ADMINISTRATOR NOT UNCERTAIN AS TO CAPACITY IN WHICH DEFENDANT HELD PROPERTY.

　　Complaint in claim and delivery against an administrator in his personal and representative capacity, alleging, first, that defendant listed and described the property in question as that of his decedent's estate, and, second, that he claimed it as the property of such estate, while there was a total absence of any allegation that he held or claimed as an individual, was not uncertain or ambiguous as to the capacity in which it charged defendant with holding the property.

### ON PETITION FOR REHEARING

1. PLEADING—PRAYER FOR RELIEF NO PART OF CAUSE OF ACTION.

　　The prayer for relief in a complaint is no part of the statement of a cause of action.

2. PLEADING—PLAINTIFF BOUND BY MATERIAL ALLEGATIONS.

　　A plaintiff is bound by the material allegations in his complaint, charging defendant in a particular capacity.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by Verd Kingsbury against John V. Copren, individually and as administrator of the estate of Thomas J. Higgins, deceased. From a judgment for the defendant on demurrer to the complaint, plaintiff appeals. **Reversed, with instructions. Petition for rehearing denied.**

*Mack & Green,* for Appellant:

There is a single cause of action; a single person defendant, though sued in two capacities—in his individual capacity and in his representative capacity. It is alleged that he obtained possession of the chattels by representing in his individual capacity that he had made application for letters of administration, and falsely

represented that it was necessary for him 'to have possession of the property; that he promised to return it promptly, but thereafter listed it as belonging to the estate. He obtained the property by false and fraudulent representations made in his individual capacity, and claimed it in a representative capacity, and was therefore properly joined in both capacities. He is the defendant and not the plaintiff. His claim, if any, is a matter of defense, as well as the capacity in which he claims. 30 Cyc. 98, 99, 127. "A person may be a party in two different capacities under the same circumstances that two different persons might be joined." 20 Standard Proc. 880; Smith v. Stevenson B. Co., 100 N. Y. Supp. 672; Bamberger v. Fillebrown, 33 N. Y. Supp. 614.

The capacity in which the defendant claimed the property was a matter within his knowledge, and of which the plaintiff had no knowledge, and was therefore purely a matter of defense. 31 Cyc. 48; 21 R. C. L. 485. "It is a general rule that facts peculiarly within the knowledge of the adverse party need not be pleaded." Owen v. Geiger, 2 Mo. 39; Dow v. City, 134 Pac. 197; Doe v. Sanger, 78 Cal. 150; Brashear v. Madison, 142 Ind. 685.

"An action may be maintained against a person in his individual capacity, and as executor." Roark v. Turner, 29 Ga. 456. "Here the defendant ought not to complain that the plaintiff has commenced but one suit against him, when he ought to have commenced two." Armstrong v. Hall, 17 How. Pr. 78.

*Platt & Sanford,* for Respondent:

The trial court sustained defendant's demurrer upon the grounds of uncertainty, unintelligibility, and ambiguity. The court did not err. It cannot be ascertained whether the defendant as an individual or the estate is directly assailed by the complaint. The complaint is so contradictory and so involved and uncertain that the demurrer was necessary to clear it of all vagueness, ambiguity, and uncertainty. "Demurrers were very

properly sustained * * * to a complaint * * * from which it could not be ascertained whether the acts complained of were committed by defendants in their individual capacity or in one of the capacities in which they were alleged to have acted." Lapique v. Ruef, 158 Pac. 339.

There is no dispute over the legal contention that the defendant may be sued in an individual and representative capacity, but the allegations must be drawn with such definiteness and certainty as to properly inform the defendant with respect to the exact nature of the complaint against him.

By the Court, COLEMAN, C. J.:

This is an action in claim and delivery, or replevin, as known at common law.

As appears from the title of the action, it was instituted against the defendant both in his individual and representative capacities. The complaint alleges the death of Higgins and the appointment and qualification of Copren as administrator of the estate of the deceased. It is then alleged that at the time of bringing the suit plaintiff was, and for a long time prior thereto had been, the owner of a certain diamond ring and stick-pin, of the aggregate value of $1,100. It is then alleged:

"IV. That on the 6th day of January, 1919, at the city of Reno, county of Washoe, State of Nevada, the said defendant wrongfully obtained and came into possession of said personal property by falsely representing to plaintiff that he would promptly return the same; that he had made application for letters of administration of the estate of Thomas J. Higgins, deceased; that it was necessary for him to have the possession of said property in order to satisfy all persons interested in said estate that all property heretofore owned by said deceased was being properly administered; that plaintiff was ignorant of the requirements of such administration and delivered said property to said defendant, in faith upon his promise to promptly return the same,

and said defendant did promise to promptly return the same, but ever since and still retains the possession thereof, and has neglected and refused and still neglects and refuses to deliver the same to plaintiff, and thereafter listed and described the same in the inventory and appraisement of the estate of Thomas J. Higgins as the property of said estate, and claims the same as property thereof."

The complaint then alleges that plaintiff demanded of defendant the possession of said personal property, but that he refused, and still refuses, to deliver the same to her. It is also alleged that the personal property in question was not taken for a tax, assessment, or fine pursuant to statute, or seized under any execution or judgment against the property of the plaintiff.

The complaint concludes with the usual prayer for possession of the personal property in question, or, in case possession cannot be had, for damages.

To the complaint a demurrer was filed, setting forth four grounds, one being that the complaint is ambiguous and uncertain in that—

"It cannot be understood from said complaint whether the defendant in this action is being sued personally or whether he is being sued in his official capacity. Nor does it state whether or not judgment is desired from the personal estate of the defendant or from the estate he is officially managing."

The court sustained the demurrer upon the ground of uncertainty. Plaintiff declining to amend her complaint, judgment was entered in favor of defendant for his costs. From this judgment an appeal has been taken.

1. To the contention of respondent, as stated in the first sentence of the matter which we have quoted from the demurrer, we think we need devote but little consideration. It is clear that the defendant was actually sued both as an individual and as administrator. This is not a ground of demurrer for uncertainty or ambiguity. If defendant is improperly joined in two capacities, or if the complaint fails to state a cause of action

against him in either of the capacities in which he is sued, it may be that the demurrer should have been sustained upon one or more of the other grounds stated therein.

2. The complaint does not state nor undertake to state a cause of action against the defendant as an individual, but it does undertake to state a cause of action against him as administrator. We held in the recent case of Nielsen v. Rebard, 43 Nev. 274, 183 Pac. 984, that to state a cause of action in replevin it must be shown that the specific property is in possession of the defendant at the time of bringing the suit. Nowhere in the complaint is there a statement of a fact from which it might be inferred that plaintiff sought to charge that defendant had possession of the property in question in his individual capacity. On the other hand, the allegation of the complaint negatives that idea, wherein it is charged that the defendant "thereafter listed and described the same [the property in question] in the inventory and appraisement of the estate of Thomas J. Higgins as the property of said estate, and claims the same as property thereof."

3, 4. While it is true that in some circumstances a defendant may be sued both as an individual and as administrator, it is also true that when so sued the complaint must state a cause of action against the party in both capacities, or suffer the consequences. In the very nature of things, the defendant could not hold possession of the personal property in question both as an individual and as administrator, nor could plaintiff charge the defendant with holding the property in both capacities, because such an allegation would be inconsistent as to a matter of fact. Nelson v. Smith, 42 Nev. 302, 176 Pac. 261, 178 Pac. 625.

5. And the mere fact that defendant knows in which capacity he claims the property would not relieve the plaintiff from the necessity of alleging in which capacity he holds it; for, while it is a general rule that facts peculiarly within the knowledge of the defendant do

not have to be alleged by the plaintiff with the same degree of exactness as if such were not the fact, when the matter is such that its allegation "is essential to the apparent or prima facie right of recovery," this rule has no application. 21 R. C. L. 486.

6. In view of the allegation of the complaint, from which it appears (1) that the defendant listed and described the property in question as the property of the estate, and (2) that he claims it as property thereof, and of the further fact that there is a total absence of any allegation that the defendant holds or claims the property as an individual, we think it cannot be said that the complaint is uncertain or ambiguous as to the capacity in which the complaint charges the defendant with holding the property.

It follows that the judgment must be reversed.

It is ordered that the judgment be reversed, with instructions to the lower court to permit the plaintiff to reform her complaint in such manner as she may be advised.

## ON PETITION FOR REHEARING

By the Court, COLEMAN, C. J.:

The respondent asks for a rehearing, and assigns as grounds thereof: (1) That we overlooked the fact that the complaint asks relief of the defendant without designating in which capacity it is sought; and (2) because the order of reversal directed the lower court to permit appellant to amend her complaint as she may be advised.

1, 2. We might well deny the petition without comment; but, in view of the position taken by both parties to the action, as manifested in the petition and the answer thereto, we deem it proper to say that in preparing our former opinion we had in mind the well-recognized rule that the prayer for relief in a complaint is no part of the statement of a cause of action (21 R. C. L. 489; 31 Cyc. 110); and having held that no cause of action was alleged against the defendant in his

individual capacity, and that in view of the fact that it is an impossibility for the defendant to hold the property in question in both capacities, we concluded that it appeared from the complaint itself, as a matter of law, that there was no uncertainty as to the capacity in which plaintiff seeks to hold the defendant responsible, as she is bound by the material allegations of her complaint (Christensen v. Duborg, 38 Nev. 410, ·150 Pac. 306).

As to the second point made, it may be that we might as well have made no order as to an amendment; but we think it goes without saying that any amendment which may be made must be in accordance with the law. Such was the view we entertained at that time.

At least one question is presented by the record in this case which we were not called upon to determine because not assigned as error; but we think from what we did say it can be inferred what our ruling would have been had the point been presented. The law is clear, and a disregard of it will simply entail useless expense.

Petition for rehearing is denied.