No. 2567

## KINGSBURY *v.* COPREN

September 4, 1923.                    217 Pac. 1101.

1. APPEAL AND ERROR—HOLDING ON APPEAL HELD LAW OF THE CASE ON RETRIAL.

Where court, on appeal from ruling sustaining a demurrer to a complaint against defendant as an individual and as executor for return of diamond stick-pin and diamond ring, or its value, reversed the judgment on ground that complaint sufficiently charged the executor alone, but stated that it would be an impossiblity for defendant to hold plaintiff's property in both capacities, the latter holding was the law of the case on retrial, and precluded the entry of a joint judgment on general verdict against defendants.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by Verd Kingsbury against John V. Copren, individually and as executor of the estate of Thomas J. Higgins, deceased. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. **Reversed and remanded. Petition for rehearing denied.**

*Platt & Sanford,* for Appellant:

An estate is not liable for tort or breach of contract by executor. A complaint against an estate cannot be maintained against executor individually. Sterrett v. Barker, 51 Pac. 695; Van Slooten v. Dodge, 145 N. Y. 332.

In the very nature of things, an administrator cannot hold possession of personal property both as individual and as administrator. Nelson v. Smith, 42 Nev. 320; Kingsbury v. Copren, 43 Nev. 453; 18 Cyc. 975, 997.

*Mack & Green* and *Brown & Belford,* for Respondent:

The authorities cited by counsel support the exception to rule that such joinder is sometimes permitted where it is uncertain in which capacity the cause of action exists. 24 C. J. 820, 128, 129.

Where estate receives benefit of executor's tortious act, the party wronged may proceed against estate: 11 R. C. L. 172.

An action may be maintained against person in his individual capacity and as executor. Hawes, Parties to Actions, 20; Armstrong v. Hall, 17 How. Pr. (N. Y.) 78.

By the Court, SANDERS, J.:

The plaintiff sued the defendant individually and as administrator of the estate of Thomas J. Higgins, deceased. It appears that upon the calling of the case for trial before a jury the complaint was changed throughout to run against the defendant, individually and as executor of the estate of the said Thomas J. Higgins, deceased, to conform to the facts.

The action was one of claim and delivery for the unlawful withholding by the defendant, individually and in his executorial capacity, of a diamond ring and a diamond stick-pin, alleged to be the property of plaintiff. The jury returned a general verdict against the defendants for the return of said property, or, in case return cannot be had, that plaintiff have judgment against the defendants for its value, to wit, $1,100. Upon this verdict of the jury the court rendered and caused to be entered a joint judgment against the defendants, in accordance with the finding of the jury. A motion for a new trial, made on behalf of defendants, was denied, and from this order and said judgment they have appealed.

The motions to dismiss the appeals and to strike from the record certain parts of the bill of exceptions are denied.

In the view we take of the record it is necessary for us to consider but one of the numerous assignments of

error, which is that the joint judgment against the defendants individually and as executor of the estate of Thomas J. Higgins, deceased, is anomalous and illegal.

Upon a former appeal from a judgment for the defendant on demurrer to the original complaint herein (Kingsbury v. Copren, 43 Nev. 448, 187 Pac. 728, 189 Pac. 676), plaintiff was expressly informed, both in the opinion reversing the judgment and in ruling upon the petition for rehearing, that it would be an impossibility for the defendant to hold the possession of the property in controversy both as an individual and as administrator, nor could plaintiff charge the defendant with holding said property in both capacities.

This being the law of the case, it necessarily follows that the joint judgment is illegal and must be reversed and the case remanded for a new trial.

It is so ordered.