ATLANTIC COAST LINE RAILROAD COMPANY
*v.* MIMS, ADMINISTRATRIX OF MIMS.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH
CAROLINA.

No. 242. Argued December 4, 1916.—Decided January 15, 1917.

This court is without jurisdiction to review a judgment of a state court
under Rev. Stats., § 709, Jud. Code, § 237, upon the ground that a
federal right was denied, when the claim of federal right relied on was
refused consideration in that court because it was not asserted at a
proper time or in a proper manner under the established state system
of pleading and practice.

The decision of the state court that a claim of federal right was not so
presented is binding on this court when not rendered in a spirit of
evasion for the purpose of defeating the federal right.

In accordance with the foregoing principles, a party desiring to secure
the benefits of the Federal Employers' Liability Act in an action in a
state court, must claim them in apt time and in an appropriate man-
ner under the state rules of pleading and practice.

Writ of error to review 100 S. Car. 375, dismissed.

THE case is stated in the opinion.

*Mr. Frederic D. McKenney,* with whom *Mr. P. A.
Willcox, Mr. L. W. McLemore* and *Mr. Douglas McKay*
were on the brief, for plaintiff in error.

*Mr. William S. Nelson,* with whom *Mr. J. Team Gettys,
Mr. John H. Clifton* and *Mr. Jo-Berry Sloan Lyles* were
on the briefs, for defendant in error.

MR. JUSTICE CLARKE delivered the opinion of the court.

On December 10th, 1910, John J. Mims, a car inspector
in the employ of the plaintiff in error, when attempting to
cross a track to inspect a train of cars which had just

arrived, was run down and killed by a switching engine at a public crossing in the City of Sumter, South Carolina.

In April following this suit was commenced by the filing of a complaint, which charges actionable negligence and alleges that the defendant owned and operated a line of railway described as wholly within the State of South Carolina. There is nothing in the complaint tending to state a cause of action under the federal law. To this complaint the defendant filed an answer which is a specific denial under the South Carolina Code of Civil Procedure and which contains two separate defenses. The first defense admits that Mims was killed at the time alleged, admits the paragraph alleging that the defendant, at the time of the accident complained of, owned and operated the line of railroad described as being wholly within the State of South Carolina, and denies all the other allegations of the complaint. The second defense is one of contributory negligence.

Upon this complaint and answer the case went to trial and when the testimony was all introduced the trial court granted a non-suit, which was reversed by the Supreme Court of the State with an order remanding the case for a new trial.

When the case was called for the second trial the defendant asked leave to amend its answer by pleading "gross and wilful contributory negligence" on the part of deceased, which was granted, and the trial proceeded until plaintiff rested her case.

Up to this time no claim had been made by defendant and no facts had been pleaded or evidence offered by either party from which it could be inferred that the deceased at the time of his death was engaged in interstate commerce, or that the Federal Employers' Liability Act was in any manner applicable to the case.

When the plaintiff rested her case on the second trial, the defendant for the first time offered to introduce

testimony which it is claimed, if admitted, would have tended to prove that the train which the deceased was in the act of approaching to inspect when he was killed "was engaged in interstate commerce and that the deceased was in this respect and otherwise engaged in interstate commerce." The trial court rejected this proffer of testimony on the ground that it came too late and was not relevant to any issue tendered by the pleadings in the case. No application was made for leave to amend the answer by adding the claim under the federal law.

The practice differs in the courts of the various States as to what testimony may be introduced under "a specific denial," such as was filed in this case, and the Supreme Court of South Carolina, while recognizing fully the ruling character of the Federal Employers' Liability Act when the facts making it applicable are properly pleaded, yet, upon full and obviously candid and competent consideration, decided, as we have seen, that under the settled rules of pleading in that State the evidence tendered was not admissible. The essential justice of this decision, which is the fundamental thing, commends it to our favor. The evidence admitted in the case shows that the train which the deceased was about to inspect when he was killed was a local freight train, with a run habitually, and on the morning of the accident complained of, wholly within the State of South Carolina. If the relation of the deceased to the traffic which this intrastate train carried was such as to give an interstate character to his service, that fact must have been known to the defendant from the day the accident occurred, and it could not possibly have been known to the plaintiff, and therefore surprise and delay certainly, and possibly defeat of plaintiff's claim under statutes of limitation, must have been the inevitable result of permitting the introduction of the proffered testimony late in the second trial, without the federal

right claimed from it having been "specially set up and claimed" in the answer of the defendant.

The plaintiff recovered a judgment, which the Supreme Court affirmed.

This epitome of the action of the state court shows that the claim under the federal statute now made was not presented until after the plaintiff had rested in the second trial of the case after it had been to the Supreme Court, and after the defendant, upon the opening of this second trial, had amended its answer by adding a third defense, without mentioning or in any manner attempting to plead the federal claim. Even at this stage of the trial the assertion of the claim consisted only in a tender of testimony, without any application to amend the answer.

To become the basis of a proceeding in error from this court to the Supreme Court of a State "a right, privilege or immunity" claimed under a statute of the United States must be "especially set up or claimed," and must be denied by the state court. Rev. Stats., § 709; Judicial Code, § 237. This means that the claim must be asserted at the proper time and in the proper manner by pleading, motion or other appropriate action under the state system of pleading and practice, *Mutual Life Insurance Co.* v. *McGrew,* 188 U. S. 291, 308, and upon the question whether or not such a claim has been so asserted the decision of the state court is binding upon this court, when it is clear, as it is in this case, that such decision is not rendered in a spirit of evasion for the purpose of defeating the claim of federal right. *Central Vermont Railway Co.* v. *White,* 238 U. S. 507; *John, Guardian,* v. *Paullin,* 231 U. S. 583; *Erie R. R. Co.* v. *Purdy,* 185 U. S. 148; *Layton* v. *Missouri,* 187 U. S. 356.

The plaintiff in error mistakenly argues that under recent decisions of this court it is not necessary to claim the benefits of the Federal Employers' Liability Act in a

pleading in a state court in order to obtain a review here of a decision denying or refusing to consider such a claim. Reference to the decisions relied upon shows that the federal right was in terms claimed in the petition in *Missouri, Kansas & Texas Ry. Co.* v. *Wulf,* 226 U. S. 570, and *Grand Trunk Western Ry. Co.* v. *Lindsay,* 233 U. S. 42; and that in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Hesterly,* 228 U. S. 702, the decision proceeds upon the statement that, since the Supreme Court of the State held the federal question sufficiently raised and decided it, the objection that it was not saved was not open in this court. While it is true that the reports show that in *St. Louis, San Francisco & Texas Ry. Co.* v. *Seale,* 229 U. S. 156, and in *Toledo, St. Louis & Western R. R. Co.* v. *Slavin,* 236 U. S. 454, the federal act was not specially referred to in the pleadings, yet they were in such form that the trial court, either without objection or over objection which the Supreme Court of the State refused to sustain, admitted testimony making it necessary to apply the federal act in deciding each case. This, of course, was equivalent to holding that the pleadings in the trial court were in a form to justify the introduction of testimony in support of the federal claim, under the system of practice and pleading prevailing in the courts of the two States in which the cases were decided. This brings these decisions clearly within the principle of the conclusion we are announcing in this case.

While it is true that a substantive federal right or defense duly asserted cannot be lessened or destroyed by a state rule of practice, yet the claim of the plaintiff in error to a federal right not having been asserted at a time and in a manner calling for the consideration of it by the state Supreme Court under its established system of practice and pleading, the refusal of the trial court and of the Supreme Court to admit the testimony tendered in support of such claim is not a denial of a federal right which

this court can review, *Baldwin* v. *Kansas,* 129 U. S. 52, *Oxley Stave Co.* v. *Butler County,* 166 U. S. 648, and therefore, for want of jurisdiction, the writ of error is

*Dismissed.*