ANTONIO CORICO, Appellant, *v.* FRANK SULLIVAN SMITH, as Receiver of the PITTSBURGH, SHAWMUT AND NORTHERN RAILROAD COMPANY, Respondent.

Fourth Department, April 4, 1917.

Pleading — action against master for personal injuries — defense alleging that award for compensation was made to plaintiff — demurrer.

A demurrer to a separate defense of an employer sued by an employee for personal injuries which alleges that an award was made to the plaintiff pursuant to the provisions of the State Workmen's Compensation Law which the defendant stands ready and willing to pay should be overruled.

But on overruling the demurrer the complaint should not have been dismissed but the plaintiff should have been given leave to withdraw the demurrer upon paying costs.

FOOTE, J., dissented, with memorandum.

APPEAL by the plaintiff, Antonio Corico, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Allegany on the 21st day of November, 1916, overruling a demurrer to part of the answer and dismissing the complaint.

*James O. Sebring,* for the appellant.

*D. D. Dickson,* for the respondent.

KRUSE, P. J.:

The plaintiff challenges the sufficiency of the sixth separate defense of the defendant contending that the matters therein stated are no defense to the action. It is therein alleged that pursuant to the provisions of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd.) an award was made to the plaintiff for damages sustained by him resulting from the injuries set forth in the complaint and that the defendant stands ready and willing to pay the same; that the plaintiff was a party to the proceeding and that the award was duly and properly made by the Commission. The allegation that the award was duly made is the same in

effect as though the answer had set forth the facts showing that the Commission had jurisdiction to make the same. If the plaintiff controverts that allegation, the defendant is required on the trial to make proof of the facts but they need not be pleaded. (Code Civ. Proc. § 532.)

It is true, as plaintiff contends, that if the defendant was engaged in interstate commerce and the plaintiff was injured through its negligence in doing interstate commerce work while he was so employed by it in such commerce as alleged in the complaint, his claim is covered by the Federal Employers' Liability Act (35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143) and not by the Workmen's Compensation Law (*Matter of Winfield* v. *New York Central & Hudson River Railroad Company*, 216 N. Y. 284), but these allegations of the complaint are not consistent with the admissions, that the award was duly made. He cannot bring to his aid these allegations in his attack upon the answer by demurrer; he is required to stand upon the allegations in the answer and there is nothing in the answer showing that these facts were made to appear before the Commission. The inference is quite to the contrary because the allegation is that the award was duly made. If the plaintiff had contended before the Commission as he does here and the facts had been made to appear to support his contention that plaintiff's injuries were sustained in interstate commerce work through the negligence of the defendant, the award could not be properly made under the Workmen's Compensation Law.

Furthermore, I am of the opinion that the plaintiff could waive his claim under the Federal Employers' Liability Act by omitting to state the facts showing that his claim was within that act. If that question was not raised by any party to the proceeding, I am unable to see how the plaintiff could now avail himself of his right to maintain an action under the provisions of the Federal statute. As well might the defendant urge now for the first time that it should not pay the award made by the Commission to plaintiff for his injuries because he was engaged in interstate commerce work at the time he was injured. Clearly, the defendant would be required to raise that question upon the trial in the action or proceeding brought

for the determination and adjudication of the claim, otherwise it would be waived. (*Atlantic Coast Line R. R. Co.* v. *Mims,* 242 U. S. 532; *Minneapolis & St. Louis R. R. Co.* v. *Winters,* Id. 353.)

2. The defendant also challenges the sufficiency of the complaint, which it may do to offset plaintiff's contention that his answer is bad. (*Baxter* v. *McDonnell,* 154 N. Y. 432.) It is contended that the plaintiff should have specifically alleged that the action was commenced within two years from the time the cause of action accrued since the Federal Employers' Liability Act provides that no action should be maintained unless commenced within that time. As to that it is sufficient to say that it appears by the complaint that the plaintiff was injured on the 28th day of January, 1916, so the two years have not even yet expired and besides the reasoning of the Court of Appeals in a recent case would seem to indicate that this limitation is upon the remedy and not upon the right. (*Sharrow* v. *Inland Lines, Ltd.,* 214 N. Y. 101.) Although it should be stated in this connection that the United States Supreme Court has recently held that where the record shows that the action was not begun until the time had elapsed, the point is available to the defendant even if the defendant did not raise the objection in his pleading. (*Atlantic Coast Line Railroad* v. *Burnette,* 239 U. S. 199.)

While the demurrer was properly overruled I think the complaint should not have been dismissed. The plaintiff should not be precluded from controverting the allegations of this answer simply because he has failed in his effort to test its legal sufficiency.

The judgment should be, therefore, modified by permitting the plaintiff to withdraw his demurrer within twenty days upon the payment of the costs of the demurrer, and as so modified the judgment should be affirmed, without costs to either party upon this appeal.

All concurred, LAMBERT and DE ANGELIS, JJ., in result only, except FOOTE, J., who dissented and voted to sustain the demurrer, with leave to the defendant to amend his answer, if so advised, upon payment of costs, upon the ground that it is

not alleged that plaintiff presented his claim to the Workmen's Compensation Commission and himself sought to secure the award which was made.

Judgment modified by giving leave to the plaintiff to withdraw his demurrer within twenty days, upon payment of the costs of the demurrer, and as so modified affirmed, without costs of this appeal to either party.