# NEVADA–CALIFORNIA–OREGON RAILWAY *v.* BURRUS.

ERROR TO THE SUPREME COURT OF THE STATE OF NEVADA.

No. 237. Submitted April 30, 1917.—Decided May 21, 1917.

In an action against a carrier for breach of a contract to furnish an interstate train, the defendant objected when the trial opened that no rate for such trains had been filed with the Interstate Commerce Commission and, while the trial was in progress, offered an amend-

ment to the answer, setting up this defense. Under the state practice the defense was not cognizable unless pleaded, and the amendment, not having been suggested until months after the commencement of the action while other defenses had been interposed, was rejected by the state trial court as coming too late, and this ruling was affirmed by the State Supreme Court as a proper exercise of the trial court's discretion. It being evident that the decision merely enforced the state practice with no purpose to evade the claim of federal right, *Held*, that a writ of error from this court must be dismissed.

In the trial of an action against a carrier upon a contract for interstate transportation the plaintiff may be entitled to the presumption that the carrier filed such rates as were requisite to sustain the contract, the pleadings being silent on the subject.

Writ of error to review 38 Nevada, 156, dismissed.

THE case is stated in the opinion.

*Mr. James Glynn* for plaintiff in error.

*Mr. Sardis Summerfield* and *Mr. John E. Raker* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for breach of a contract to furnish plaintiff, (defendant in error,) a special train to carry him from Reno, Nevada, to Doyle, California, where his son was ill, and to bring the two back from that place. The plaintiff got a judgment, and the only question before us is whether any rights of the defendant under the Act to Regulate Commerce have been infringed. The ground on which such an infraction is alleged is that the trial court, after the trial had been going on for more than a day, refused to allow the answer to be amended so as to set up that no tariff rate for special trains had been filed by the defendant and that therefore the contract was illegal. The defendant had mentioned the point at the beginning of the trial but this was the first time that it was presented

in proper form under the state practice, although some months had elapsed since the beginning of the suit and demurrers and other defences had been interposed without suggesting this one.  The Supreme Court of the State declined to overrule the discretionary judgment of the court below.  38 Nevada, 156.

Upon the question whether a claim of immunity under a statute of the United States has been asserted in the proper manner under the state system of pleading and practice "the decision of the state court is binding upon this court, when it is clear, as it is in this case, that such decision is not rendered in a spirit of evasion for the purpose of defeating the claim of federal right."  *Atlantic Coast Line R. R. Co.* v. *Mims*, 242 U. S. 532, 535.  The most that could be said in this case was that the Supreme Court was influenced in its judgment by the fact that the railroad, after treating the plaintiff very badly, was trying to escape liability by an afterthought upon a debatable point of law—not at all by the fact that the law involved was federal.  The plaintiff had tried the case relying upon the presumption which was sufficient as the pleadings stood.  *Cincinnati, New Orleans & Texas Pacific Ry. Co.* v. *Rankin*, 241 U. S. 319.  The court reasonably might decline to put him to procuring other evidence from a distance, on the last day of the trial, upon a new issue presented after his evidence was in.  We perceive no reason why this court should interfere with the practice of the State.

*Writ of error dismissed.*

THE CHIEF JUSTICE and MR. JUSTICE CLARKE dissent.