MARIONTONIO MIGLIER, Plaintiff, *v.* THE PHOENIX INSUR-
ANCE COMPANY OF HARTFORD, CONN., Defendant.

(Supreme Court, Steuben Special Term, February, 1918.)

Insurance (fire) — action to recover on policy of — evidence — proofs
of loss — trial — pleading.

In an action begun in November, 1917, to recover on a fire
insurance policy, a complaint alleging that in July, 1917, after
the occurrence of a fire in January, 1917, which totally
destroyed the insured property, the plaintiff " fully complied
with the terms and provisions of the said policy, and did
furnish to the defendant satisfactory proofs of the said loss,
and the defendant accepted of the said proofs, and retained
the same without objection as and for a full and complete
compliance with the terms and provisions of the said policy,
and that more than sixty days have elapsed since plaintiff
furnished the said proofs of loss, etc.," is a sufficient statement
of facts to enable plaintiff to offer proof at the trial as to
whether defendant by retaining, without objection, the proofs
of loss furnished waived the terms of the policy on the question
of the sufficiency of the proofs of loss and the time of service
thereof.

Whether there was such a waiver is a question for the jury
and should not be disposed of on the hearing of a demurrer to
the complaint.

Judgment in favor of plaintiff, overruling the demurrer, with
leave to answer within twenty days on payment of costs.

DEMURRER to plaintiff's complaint.

J. B. Hargrave (James O. Sebring, of counsel), for
plaintiff.

Shire & Jellinck (Harry Ginsburg, of counsel), for
defendant.

CLARK, J.   This is an action to recover on a fire
insurance policy.   Defendant demurs to the complaint
on the ground that it does not state facts sufficient to

constitute a cause of action in that it does not state that immediate notice of the fire was given to the defendant; that the complaint does not allege that the action was commenced within twelve months after the fire, and that it does not allege facts constituting a waiver of timely service of proofs of loss.

The fire occurred January 27, 1917, and proofs of loss were furnished defendant about July 13, 1917, and were retained by defendant without objection and without requiring further proofs. The action was begun in November, 1917, the complaint being verified November twenty-fourth of that year.

The complaint, after alleging the incorporation of the defendant and the issuing of the policy of insurance sued upon, states: " That on or about the twenty-seventh day of January, 1917, the said dwelling, insured as aforesaid, was totally destroyed by fire, and that thereafter on or about July 13, 1917, the plaintiff *fully complied* with the terms and provisions of the said policy, and did furnish to the defendant *satisfactory proofs of the said loss,* and the defendant accepted of the said proofs and retained the same without objection, *as and for a full and complete compliance with the said terms and provisions of the said policy.*"

The complaint further contains this provision:

" *Sixth.* That more than sixty (60) days have elapsed since plaintiff furnished the said proofs of loss, as aforesaid, and that the said defendant has wholly failed, refused and neglected to comply with the terms and provisions of the said policy by paying to the plaintiff the amount of the said insurance upon the said dwelling, and there is now justly due and owing to the plaintiff from the defendant the sum of one thousand ($1,000.00) dollars, with interest thereon from the 27th day of January, 1917."

These allegations would seem to be sufficient, and I do not think it was necessary to allege that the action was commenced within twelve months after the fire. The entire complaint shows that fact clearly enough without its being specifically alleged. *Corico* v. *Smith,* 178 App. Div. 33; *Sharrow* v. *Inland Lines, Ltd.,* 214 N. Y. 101.

The complaint states that the plaintiff furnished to the defendant satisfactory proofs of the loss and that the defendant accepted of said proofs and retained the same without objection as and for a full and complete compliance with the terms and provisions of the policy, and that more than sixty days have elapsed since the proofs were furnished. That is sufficient without an allegation that immediate notice of the fire was given. *Clemens* v. *American Fire Ins. Co.,* 70 App. Div. 435.

The case of *Williams* v. *Fire Association of Philadelphia,* 119 App. Div. 573, relied upon by defendant, is not deemed a controlling authority here. In that case neither the pleadings nor the proofs showed that the action was commenced within twelve months after the fire, the fire occurring in October, 1900, and the action not being commenced until January, 1905.

Here the fire occurred in January, 1917, and the proofs of loss were furnished in July, and the action begun in November of that year.

Defendant complains that the complaint does not allege facts showing a waiver of the time of the presentation of proofs of loss. I think the complaint is sufficient to enable plaintiff to claim a waiver if he can prove it.

It would not be proper to construe the terms of fire insurance policies strictly and arbitrarily against the insured, but they should be liberally construed in favor of the insured.

Here it is alleged that in July, 1917, after the fire had occurred in January, the plaintiff " fully complied with the terms and provisions of the said policy, and did furnish to the defendant satisfactory proofs of the said loss, and the defendant accepted of the said proofs, and retained the same without objection *as and for* a full and complete compliance with the terms and provisions of the said policy, and that more than sixty days have elapsed since plaintiff furnished the said proofs of loss, etc."

That certainly is a sufficient statement of facts to enable plaintiff to offer proof at the trial on the question whether or not the defendant by retaining the proofs of loss furnished, without objection, waived the precise terms of the policy on the question of the sufficiency of the proofs of loss and time of service thereof. The question as to whether the defendant had thus waived would be for the jury and should not be disposed of at special term. *Glazer* v. *Home Ins. Co.,* 190 N. Y. 6; *Brink* v. *Hanover Fire Ins. Co.,* 80 id. 108.

Keeping in view the fact that it is the policy of courts to construe the terms of fire insurance policies liberally, and in favor of the insured, instead of construing them strictly and arbitrarily against the insured, the complaint in this action would seem to set forth facts sufficient to constitute a cause of action.

Judgment is therefore directed in favor of the plaintiff, overruling the demurrer, with costs, with leave to defendant to answer within twenty days on payment of costs.

Demurrer overruled, with costs.