[No. 2347]

# MARIE A. NICHOLS, RESPONDENT, *v.* WESTERN UNION TELEGRAPH COMPANY (A CORPORATION), APPELLANT.

[191 Pac. 573]

1. APPEAL AND ERROR—FAILURE OF COMPLAINT TO STATE CAUSE OF ACTION PROPERLY RAISED FIRST ON APPEAL.

In an action against a telegraph company to recover damages for mental anguish caused by failure to promptly deliver a death message, where it appeared from the complaint itself, and from the evidence, that the message was interstate in character, it became the duty of the supreme court on appeal to apply the federal law applicable to that kind of a message, and, if under the law applicable thereto the complaint failed to state a cause of action, it was the duty of such court to reverse the judgment, though the question was presented for the first time on appeal.

2. COMMERCE—FEDERAL LAW GOVERNS DAMAGES FOR FAILURE TO DELIVER INTERSTATE MESSAGE.

Since the amendment of June 18, 1910, to the interstate commerce act, which operated to extend the federal authority over telegraph companies as to their interstate business, no recovery can be had in a state court for damages sustained for mental anguish suffered for negligent delay in delivering a death message, when unaccompanied by physical injury.

3. TELEGRAPHS AND TELEPHONES — FEDERAL LAW CONTROLLING, THOUGH NOT PLEADED.

In an action in state court for damages for mental anguish from delayed delivery of a death message, it is the duty of the court to apply the federal interstate commerce act, as amended by act of Congress of June 18, 1910, if the evidence establishes that the message was an interstate one, though the complaint does not plead an interstate message; the federal law being supreme and superseding all state law.

4. STATUTES—INTERSTATE COMMERCE ACT TO BE APPLIED BY STATE COURT, THOUGH NOT PLEADED.

In an action to recover for mental anguish caused by failure to promptly deliver an interstate death message, a state court should apply interstate commerce act, as amended by act of Congress of June 18, 1910, extending the federal authority over telegraph companies as to their interstate business, though not pleaded in the answer.

APPEAL from the Seventh Judicial District Court, Esmeralda County; *J. Emmett Walsh,* Judge.

Action by Marie A. Nichols against the Western

Union Telegraph Company. Judgment for plaintiff, and defendant appeals. **Reversed.**

*Beverly L. Hodghead* and *H. H. Atkinson* (*A. T. Benedict,* of Counsel), for Appellant:

Since the amendment to the interstate commerce act, June 18, 1910 (36 Stats. L. 539), relating to telegraph companies, damages for mental anguish cannot be recovered upon an interstate message.

By the great weight of authority in the various state courts as well as the unbroken rule of the federal courts, confirmed by the recent decision of the Supreme Court of the United States in Southern Express Co. v. Byers, 240 U. S. 612, damages for mental anguish, apart from physical suffering as in the Barnes case (65 L. R. A. 666), or wilful, wanton, or malicious injury, as in the Burrus case (L. R. A. 1917D, 750), cannot be recovered. Westwater v. Grace Church, 140 Cal. 339; Munro v. Dredging Co., 84 Cal. 515; Morgan v. S. P. Co., 95 Cal. 510; Newman v. Smith, 77 Cal. 22; Spade v. Lynn Railroad Co., 47 N. E. 88; Jones on T. & T. Cos., 2d ed., sec. 609, pp. 790, 791; W. U. T. Co. v. Chouteau, 49 L. R. A. (N.S.) 211; 37 Cyc. 1775; Am. & Eng. Ency. Law, 1078; Cur. Law, vol. 6, p. 1678. The decisions of the federal courts are without conflict. W. U. T. Co. v. Wood, 57 Fed. 471; Gahan v. W. U. T. Co., 59 Fed. 443; Chase v. W. U. T. Co., 44 Fed. 554; W. U. T. Co. v. Sklar, 126 Fed. 295; Rowan v. W. U. T. Co., 149 Fed. 550; W. U. T. Co. v. Burrus, 179 Fed. 92; Jones v. W. U. T. Co., 223 Fed. 301.

This court must be controlled by the decision of the Supreme Court of the United States upon the effect of the amendment of June 18, 1910, to the interstate commerce act, the latest expression being found in Postal T. Co. v. Warren-Godwin, 251 U. S. 27, and W. U. T. Co. v. Boegli, 251 U. S. 315. "The act of Congress regulating a subject of interstate commerce is not to be narrowly construed for the purpose of preserving the

state power over the same subject previously enjoyed in the absence of federal legislation. The act of June 18, 1910, brought telegraph companies under the act to regulate commerce and under the administrative control of the interstate commerce commission, and so subjected such companies to a uniform national rule, incompatible with a power in the states to inflict penalites for failure to make prompt delivery of interstate messages." Boegli Case, supra.

*M. A. Diskin, A. E. Barnes,* and *Augustus Tilden,* for Respondent:

Appellate courts do not look with favor upon an objection that the complaint does not state facts sufficient to constitute a cause of action, made for the first time on appeal, and the complaint will be liberally construed and supported by every legal intendment. 3 C. J. 786; Cushing v. Pires, 57 Pac. 572; Scott v. Howell, 132 Pac. 1144; Keys v. Keys, 109 Pac. 985; Skyrme v. Occidental M. & M. Co., 8 Nev. 219; Meadow Valley M. Co. v. Dodds, 6 Nev. 261.

The sufficiency of the complaint cannot be reviewed in the bill of exceptions, for the reason that no assignment of errors was filed in reference to the complaint. Coffin v. Coffin, 40 Nev. 345. No transcript of the judgment roll having been filed, it is impossible to review the insufficiency of the complaint when the judgment roll containing it has not been filed. Talbot v. Mack, 41 Nev. 245.

That damage cannot be recovered for mental anguish alone, when unaccompanied by physical injury, has no application, and is not the law in Nevada. Quigley v. Railroad, 11 Nev. 350; Barnes Case, 27 Nev. 438; Young v. Telegraph Co., 107 N. C. 370.

Testimony shows that respondent suffered physical pain, and the complaint will be deemed amended. Keener v. Baker, 93 Fed. 377; Haley v. Patrick, 104 Fed. 647; Slaughter v. G. B. Co., 147 Pac. 90; Gold Ridge M. Co. v. Rice, 137 Pac. 1001.

If the mental-anguish rule of New York, where the message originated, was to be relied upon by appellant, it should have been alleged affirmatively in the answer. Not having been pleaded, appellant cannot take advantage of it. Ferd Heim Brewing Co. v. Gimber, 72 Pac. 859; 16 Cyc. 884–886.

Whether or not defendant elected to be tried by the local law is not a federal question. If this court decide that the defendant so elected (or waived its constitutional privilege), such holding will be respected and followed by the federal supreme court. Railroad v. Burrus, 244 U. S. 103. "While it is true that a substantive federal right or defense duly asserted cannot be lessened or destroyed by a state rule of practice, yet the claim of the plaintiff in error to a federal right not having been asserted at a time and in a manner calling for the consideration of it by the state supreme court under its established system of practice and pleading, the refusal of the trial court and of the supreme court to admit the testimony tendered in support of such action is not a denial of a federal right which this court can review." Atlantic C. L. R. R. Co. v. Mims, 422 U. S. 532, 61 L. Ed. 476.

By the Court, COLEMAN, C. J.:

This is an action instituted by the respondent in the district court of Esmeralda County to recover damages in the sum of $2,900 for mental anguish, alleged to have been suffered because of the failure of the appellant to promptly deliver a death message sent from Cold Spring, N. Y., to the respondent at Goldfield, Nevada. Paragraph 3 of the complaint is in the following words and figures:

"That on, to wit, the 17th day of December, 1913, plaintiff's father, one Charles Stonebridge, resided near said town of Cold Spring in the State of New York, and was on said day fatally ill, and on said day died near said Cold Spring, and on the 18th day of December, 1913, the plaintiff, by her agent, her brother, one Augustus

Stonebridge, made and entered into a contract with defendant at said Cold Spring, by which, in consideration of the sum of, to wit, $1, to it then and there prepaid by plaintiff by her said agent and received and accepted by defendant, defendant promised and agreed to transmit from said Cold Spring to plaintiff at said Goldfield, and deliver to plaintiff at her said dwelling-house in Goldfield, with reasonable diligence a certain telegraphic message in the words and figures following, to wit, 'Cold Spring, Putnam County, N. Y. Dec. 18, 1913. Mrs. Marie A. Nichols, Goldfield, Nev.: Father died yesterday. Gus.' "

Among other things the complaint alleges the negligent and malicious failure of the appellant company to promptly deliver the message mentioned; that respondent suffered great mental anguish because thereof, and that she was damaged because of such negligent and malicious conduct. An answer to the complaint was filed, which consisted of matter negativing the allegation of negligence and malice contained in the complaint. The case was tried before a jury, and verdict rendered for the plaintiff. A motion for a new trial having been denied, the defendant has appealed to this court.

The evidence on the part of the plaintiff showed the message to be interstate in character. Appellant contends that it is the rule of law in the federal courts that no recovery can be had for damages sustained for mental anguish suffered, when unaccompanied by physical injury (Southern Express Co. v. Byers, 240 U. S. 612, 36 Sup. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197), and that since the amendment of June 18, 1910, to the interstate commerce act (chapter 309, 36 Stats. 539–545), which operated to extend the federal authority over telegraph companies as to their interstate business and contracts, Congress has occupied the field, and thus excluded all state legislation and state rules of construction as to the right to recover for mental anguish caused by the negligence of telegraph companies in

conducting their interstate business. Postal Tel. Cable Co. v. Warren-Godwin Lumber Co., 251 U. S. 27, 40 Sup. Ct. 69, 64 L. Ed. 118; W. U. T. Co. v. Boegli, 251 U. S. 315, 40 Sup. Ct. 167, 64 L. Ed. 281.

It is conceded by counsel for respondent that this contention would be sound had the defense urged been pleaded in the answer, it being insisted that it is the law of this state that recovery can be had for mental anguish caused through the negligence of another, and defendant, not having pleaded the act of Congress above mentioned, waived its right to rely upon that point.

While counsel for respondent have presented their views in a very masterful manner, we are unable to accept the idea urged upon us. We take it that the law of a case must control, no matter in what way it is brought to our attention.

1, 2. It appears from the complaint itself, as is shown by the language quoted therefrom, and from the evidence, that the message is interstate in character. This being true, it becomes our duty to apply the law applicable to that kind of a message; and if under the law applicable thereto the complaint fails to state a cause of action, it is our duty to reverse the judgment, though the point urged is presented for the first time on appeal (Nielsen v. Rebard, 43 Nev. 274, 183 Pac. 984), accepting the rule declared in St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914c, 156: If the federal statute is applicable, the state law is excluded by reason of the supremacy of the former.

In view of the allegations of the complaint and the evidence in the record showing the interstate character of the message, a failure to apply the federal statute would constitute such error as would necessitate a reversal by the Supreme Court of the United States. That court, in Toledo, St. L. & W. R. Co. v. Slavin, 236 U. S. 454, 35 Sup. Ct. 306, 59 L. Ed. 671, in dealing with a similar question, said:

"But a controlling federal question was necessarily

involved. For, when the plaintiff brought suit on the state statute the defendant was entitled to disprove lia-.bility under the Ohio act, by showing that the injury had been inflicted while Slavin was employed in interstate business. And if without amendment the case proceeded with the proof showing that the right of the plaintiff and the liability of the defendant had to be measured by the federal statute, *it was error not to apply and enforce the provisions of that law.*" (Italics ours.)

3. This language is plain and unmistakable. It is the last word from the highest tribunal in the land, and its interpretation of the acts of Congress is binding upon us. Even had the complaint in this case not pleaded an interstate message, when the evidence established that such was the character of the message, it bcame the duty of the court to apply the federal law to the case, because it is the supreme law of the land and supersedes all state law which would be applicable to the facts had Congress not spoken upon the subject.

4. It is insisted by counsel for respondent that under authority of N. C. O. Ry. Co. v. Burrus, 244 U. S. 103, 37 Sup. Ct. 576, 61 L. Ed. 1019, and Atlantic Coast Line Ry. Co. v. Mims, 242 U. S. 532, 37 Sup. Ct. 188, 61 L. Ed. 476, we cannot apply the act of Congress, since it was not pleaded in the answer. In our opinion, neither of those cases sustains the contention. In the Burrus case the complaint did not show on its face, as in the instant case, certain matters which the defendant contended would bar a recovery, and during the trial an application to amend the answer so as to plead those matters was denied, and the supreme court of the state (38 Nev. 156, 145 Pac. 926, L. R. A. 1917D, 750) sustained the ruling of the trial court. On error to the Supreme Court of the United States, that court refused to disturb the judgment, saying: "We perceive no reason why this court should interfere with the practice of the state." The difference between the two cases is that there was nothing in the pleading in the Burrus case to permit of

the admission of evidence on the part of the defendant to show its own failure to comply with certain federal regulations, whereas in the instant case both the pleading and the evidence of the plaintiff bring the case squarely within the terms of the act of Congress, necessitating the application of the federal law.   In other words, in the Burrus case the point involved was as to the propriety of allowing an amendment to the answer so as to permit of proof, while in the instant case it is merely a question of applying the act of Congress to the facts pleaded in the complaint and proven on the trial.

Nor is the case of Atlantic C. L. R. Co. v. Mims, 242 U. S. 532, 37 Sup. Ct. 188, 61 L. Ed. 476, in point.   The complaint in that case alleged that the line of railway upon which plaintiff was injured was owned and operated "wholly within the State of South Carolina."   The railroad company filed an answer, admitting the allegation of the complaint.   It appears from the opinion in that case that upon the second trial, up to the time the plaintiff rested her case, no claim had been made by defendant, and no facts had been pleaded or evidence offered from which it could be inferred that the deceased at the time of his death was engaged in interstate commerce, or that the federal employers' liability act (U. S. Comp. St. secs. 8657–8665) was in any way applicable to the case.   Upon this (second) trial the defendant for the first time, in presenting its case, sought to show that the train which killed the deceased "was engaged in interstate commerce, and that the deceased was in this respect and otherwise engaged in interstate commerce."   The trial court refused to admit the evidence, upon the ground that it came too late and did not tend to sustain any issue raised.   The Supreme Court of South Carolina (100 S. C. 375, 85 S. E. 372) sustained a judgment in favor of the plaintiff, and on error to the Supreme Court of the United States the writ of error was dismissed.   In that case the court said:

"While it is true that the reports show that in St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, and in

Toledo, St. L. & W. R. Co. v. Slavin, supra, the federal act was not specially referred to in the pleadings, yet they were in such form that the trial court, either without objection or over objection which the supreme court of the state refused to sustain, admitted testimony making it necessary to apply the federal act in deciding each case."

In the instant case the complaint showing the interstate character of the message, and the evidence on the part of the plaintiff being in accord therewith, the Mims case is authority for the applying of the act of Congress to the facts as pleaded and proven.

For the reasons given, it follows that the judgment must be reversed; and, since no judgment can be entered in favor of the plaintiff under the pleadings and evidence, judgment should be entered by the trial court in favor of the defendant.

It is so ordered.