PASQUALE SAVARESE and Another, Plaintiffs, *v.* OHIO FARMERS INSURANCE COMPANY OF LE ROY, OHIO, and Others, Defendants.

First Department, January 15, 1932.

*Samuel D. Cohen,* for the plaintiffs.

*E. J. Dimock* of counsel [*Joseph Greenhill, Barent L. Visscher* and *Hazel Flagler* with him on the brief; *Joseph Greenhill,* attorney], for the defendant Ohio Farmers Insurance Company.

*Alan L. Dingle,* for the defendant Max Markowitz.

MCAVOY, J. The defendant Ohio Farmers Insurance Company by its general agents issued its policy of fire insurance to the

Loretta Realty and Finance Corporation on June 6, 1927, insuring against all direct loss or damage by fire for three years from May 26, 1927, to May 26, 1930, to the extent of $7,500, the brick building No. 16 West One Hundred and Nineteenth street, borough of Manhattan, city of New York.

The policy contained the New York standard mortgagee clause, by the terms of which any loss or damage was to be payable to the plaintiffs, Pasquale and Giacomo Savarese, as mortgagees, as interest may appear. On August 16, 1927, the said premises were conveyed by the Loretta Realty and Finance Corporation to the defendant Kirven, and a rider noting the change of ownership was attached to the policy. On June 28, 1929, a fire occurred in the insured premises, damaging them to the extent of $4,230.

On the date of the issuance of the said policy and continuing to the present time, the plaintiffs Savarese were the owners of a bond secured by a mortgage on the said premises for $7,500, upon which there remains unpaid the sum of $6,500. The said mortgage provided that the mortgagor should keep the premises insured against loss by fire for the benefit of the mortgagee.

In addition to the policy of $7,500 above set forth there was a fire insurance policy for $15,000 and one for $3,000 and a blanket policy covering two buildings, Nos. 16 and 18 West One Hundred and Nineteenth street, for $2,000, of which other policies the plaintiffs Savarese had no knowledge. All of said policies, excepting the one for $7,500 issued by the defendant Ohio Farmers Insurance Company, covered interests other than those of the plaintiffs. The value of the premises covered by the defendant's insurance policy at the time of the fire was $22,500 and the said premises were in good condition prior to the fire.

On July 26, 1929, the owner of the premises, the defendant Kirven, made an agreement with the defendants Markowitz and Gray whereby Markowitz and Gray agreed to repair the fire damage for $3,200, which sum the owner agreed to pay. To secure Markowitz and Gray, Kirven assigned to them all his right, title and interest in and to the proceeds of all of the fire insurance policies on the buildings 16 and 18 West One Hundred and Nineteenth street to the extent of $3,200 thereof.

The said Markowitz and Gray duly restored the said premises by the 6th day of September, 1929, to the condition in which they existed before the fire, and performed each of the terms, covenants and conditions of the said agreement on their part to be performed.

On October 16, 1929, the holder of the first mortgage on the premises, the Metropolitan Savings Bank, commenced an action

in the Supreme Court, New York county, to foreclose its mortgage for $12,500, and on or about January 21, 1930, the premises were sold at a foreclosure sale which resulted in a deficiency judgment in favor of the Metropolitan Savings Bank and against the mortgagor, the Loretta Realty and Finance Corporation.

Plaintiffs had no knowledge of the said assignment nor of the agreement between Kirven and Markowitz and Gray, and the said work in restoring the said premises to the condition in which they existed before the fire was done without the knowledge, consent or approval of the plaintiffs.

Markowitz and Gray claim to be entitled to collect from the defendant insurance company under Kirven's assignment the sum of $862.15, and Kirven claims to be entitled to recover $296.49 out of the said policy. The defendant insurance company maintains that its liability is $1,178.64. Plaintiffs demand judgment for the full amount of the fire loss, $4,230.

Plaintiffs contend that the standard mortgagee clause contained in the insurance policy involved here created an independent contract of insurance for the separate benefit of the plaintiffs, the mortgagees named in the said mortgagee clause; that the mortgagees are entitled to the full amount of the proceeds of the fire insurance policy, regardless of any provision therein contained for the payment to the mortgagees of a proportionate amount thereof, since even a policy which is void as to the owner may, under the standard mortgagee clause, be valid as to the mortgagees.

Plaintiffs also contend that the term " other insurance " means " other insurance " covering the same interest, whereas here the only insurance covering plaintiffs' mortgage for $7,500 was the defendant's policy. The plaintiffs had no knowledge of any other policies. It is conceded that the other policies did in fact insure the owner and another mortgagee, and that plaintiffs were not mentioned and had no interest therein. Under such circumstances, so far as plaintiffs were concerned, there was no other insurance on the property.

Plaintiffs further contend that so far as the *pro rata* liability and the average clauses are concerned, they are inapplicable to mortgagees named in a standard mortgagee clause and that the defendant insurance company is liable to the plaintiffs to the full extent of the fire loss.

Plaintiffs also claim that a contract of insurance is personal, and, therefore, the defendant Markowitz has no interest in or claim to the proceeds of the fire insurance policy. We hold, however, that the rule is and the intent of the parties was, where fire insurance has been taken out by a mortgagor for the benefit of

the mortgagee and a policy issued by an insurance company naming the mortgagor as the insured and containing a mortgagee clause, with loss, if any, payable to the mortgagee as interest may appear, unless the mortgagee suffers an actual loss by reason of the fire, that he is not entitled to recover the insurance money.

The provision that no act of the mortgagor shall invalidate the policy as to the mortgagee does not involve this principle.

No cases are disclosed where there were no losses sustained by reason of fire, and none where there had been a restoration of the property by the owner or the mortgagor, in which the mortgagee prevailed in his suit. In all the cases presented the question before the court in each instance was: Could any act or omission on the part of the mortgagor invalidate and defeat the recovery of the mortgagee when the policy expressly provided that the loss, if any, should be payable to the mortgagee or contained words now known as the standard mortgagee clause?

The intention of the contracting parties is held paramount.

The mortgage provides that the mortgagor shall keep the buildings insured against loss by fire for the benefit of the mortgagee. The parties to this mortgage had in mind the concept that should a fire occur in the premises and the value of the security which the mortgagee held be lessened, the mortgagee would be reimbursed if he actually suffered such a loss by reason of the fire. The mortgage *res* should always be held intact as against fire loss under the parties' agreement. The mortgage debt was not insured. When the property was damaged by fire, there was a loss and the mortgagee was entitled to the insurance moneys. When the building was repaired, the loss was vitiated. If the mortgagee received the insurance moneys, there would be no obligation on the part of the mortgagor to repair the premises or to restore them to their original condition.

We find nothing in the act of the mortgagor which could be construed as an attempt to invalidate the policy. The mortgagor restored his premises to the condition in which they existed prior to the fire. This was not an act to invalidate the policy. It had no effect on the validity of the policy.

No loss or damage by fire has been sustained by the plaintiffs as mortgagees, and they may not recover any indemnity, which is insurance's sole design.

Where the building is restored after a fire, the mortgagor who pays the cost is subrogated to the rights of the mortgagee under a fire insurance policy.

We find, therefore, that defendant Markowitz, the assignee,

should be awarded the amount of his claim, and that defendant Kirven, the owner, should receive the balance.

Judgment should be rendered in favor of the defendant Max Markowitz in the amount of $862.15, without interest and without costs, and in favor of the defendant Leopold O. Kirven in the amount of $296.49, without interest and without costs.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Judgment directed in favor of defendant Max Markowitz in the amount of $862.15, without interest and without costs, and in favor of defendant Leopold O. Kirven in the amount of $296.49, without interest and without costs. Settle order on notice.