EDWARD EMMETT et al., as Executors of JOHN J. CUNNION, Deceased, Plaintiffs, *v.* AMERICAN EQUITABLE ASSURANCE COMPANY OF NEW YORK et al., Defendants.

City Court of the City of New York, Trial Term, Kings County, March 3, 1949.

*Prince & Loeb* for plaintiffs.

*John L. Fletcher* for defendants.

SCHWARTZWALD, J. Defendants moved for a directed verdict after plaintiffs' case, for a dismissal of that portion of the complaint which dealt with the recovery of damages to the amplifiers

and the moving-picture machines, and consenting to a judgment in favor of the plaintiffs in the sum of $310, representing the damage to the physical structure of the building. Said motion was denied. At the end of the entire case, defendants renewed said motion, upon which decision was reserved.

This is an action to recover on two fire insurance policies issued by the defendants on a building known as the Pioneer Theatre. The issue to be determined as a matter of law is whether the amplifiers and motion-picture machines are embraced within the coverage of the policies.

The plaintiffs contend that the phraseology " including vaults, boilers, engines, machinery, apparatus, appurtenances, permanent fixtures ", includes the amplifiers and machines in question. The defendants have assumed the contrary view. The testimony of the plaintiff on cross-examination was to the effect that an examination of the building after the fire showed that the " moving picture machines were still anchored into the concrete."

Both sides have furnished the court with well-written briefs concerning the question, but neither side has presented a case exactly in point. They are all open to interpretation.

The line of demarcation concerning the status of fixtures such as these in the instant case is extremely thin. The New York courts have held that where fixtures can be removed without injury to the building, same are not covered by a contract including permanent fixtures and excluding other types (*Steward* v. *Albany Ins. Co.*, 179 N. Y. 554). However, this theory has gradually been enlarged. " Chairs so made as to conform to the plan and shape of a theatre, fastened to the floor and used for no purpose except to seat the audience, are fixtures attached to the realty. The old theory which made physical annexation the sole test has been expanded so as to include intention, use and adaptability." (*Gould* v. *Springer,* 206 N. Y. 641, 645–646.)

A fire insurance contract must be so interpreted as to give effect to the intention of the parties and the insurer will be required to pay damages only on the property intended to be insured. (*Savarese* v. *Ohio Farmers Ins. Co.*, 234 App. Div. 248, revd. on other grounds 260 N. Y. 45.) While an insurer's obligation thereunder cannot be enlarged or varied by judicial construction, a fire insurance policy, like other contracts, should be reasonably interpreted in accordance with the apparent object and intention of the parties. (*Gropper* v. *Home Ins. Co.*, 77 Misc. 132.) A fire policy will be construed, if possible, to further the object of the parties, rather than to destroy the contract.

On page "5" of defendants' brief appears the following: "Contracts of insurance should be given a fair, reasonable, and sensible construction, such as, it is to be assumed, intelligent business men would give it, rather than a strained, forced, unnatural, unreasonable, or strict, technical interpretation, or one which would lead to an absurd conclusion, or render the policy nonsensical." (32 C. J., Insurance, § 262.) The court adopts this view and feels that intelligent businessmen would consider the amplifiers and moving-picture machines covered by the language of the policy. The rule common to all classes of insurance is also here involved, that the language of a fire insurance policy must be construed most strictly against the insurer and favorably to the insured. (*Miglier* v. *Phoenix Ins. Co.,* 102 Misc. 461; *Gertner* v. *Glens Falls Ins. Co.,* 193 App. Div. 836, affd. 233 N. Y. 568).

If a church is not a church without pews (*Diamond* v. *Art Contr. Co.,* 147 Misc. 88), if a sawmill is not a sawmill without saws (*Incorporated Vil. of North Hornell* v. *Rauber,* 181 Misc. 546), if a theatre is not a theatre without seats (*Gould* v. *Springer,* 206 N. Y. 641, *supra*), then a moving-picture house cannot be one without moving-picture machines. (*Queens St. Theatre Co.* v. *Northwestern Mut. Fire Assn.,* 31 Ont. Wkly N. 345, found in 1 Couch, Cyclopedia of Insurance Law [1945 Cum. Supp.], § 758, p. 895, third, fourth and fifth lines.)

From the preponderance of cases submitted on construction and interpretation of contracts as to the intention of the parties, the moving-picture machines and amplifiers, being an integral part of the Pioneer Theatre, without which the building loses its identity as the Pioneer Theatre, became an appurtenance of the building so as to be embraced by the fire insurance policies, one of which specifically describes the building as the Pioneer Theatre. While the court is aware that the policies in suit are building policies, yet, in view of the use for which the machines and amplifiers are designed and their relation to the building wherein they become a necessary part thereof, the court is constrained to hold that the policies in suit covered the said moving-picture machines and amplifiers.

Accordingly, the motion is denied. Judgment is directed to be entered against the defendant American Equitable Assurance Company of New York for the sum of $1,956.75, with interest from July 26, 1945, and against the defendant Hartford Insurance Company for the sum of $652.25, with interest from July 26, 1945. Twenty days' stay of execution and sixty days to make a case. Appropriate exceptions to the defendants.